FILED'08 JAN 11 12:01USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LORENZO VILLIGRANA, | ) | Civil No. 06-1628-CL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| COLLINS PINE COMPANY, aka | ) | |
| Fremont Sawmill, | ) | |
| | ) | |
| Defendant. | ) | |

**PANNER, Judge.**

On December 21, 2007, Magistrate Judge Clarke filed his Report and Recommendation, which recommends denying Defendant's motion for summary judgment. No party has objected to that Recommendation. The matter is now before me for *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

The Report is well reasoned and I adopt it, with one minor clarification. As the Report correctly notes, Oregon courts do not utilize the McDonnell Douglas/Burdine burden-shifting framework.[1] However, in Snead v. Metropolitan Property & Cas. Ins. Co., 237 F.3d 1080, 1090-93 (9th Cir. 2001), the Ninth Circuit held that a federal court must apply the McDonnell

---

[1] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981).

1 - ORDER

Douglas/Burdine framework when evaluating summary judgment motions in employment law claims arising under Oregon law. The panel reasoned that the McDonnell Douglas/Burdine framework is a procedural device, and not a substantive rule, for Erie purposes.

A case from this district, Pascoe v. Mentor Graphics Corp., 2001 WL 34039104 (D. Or. 2001), suggests that Snead might apply only when the federal court is exercising diversity jurisdiction over the state law claim, but not when the court exercises supplemental jurisdiction over the state law claim. Id. at *15, n.4. I do not find that distinction persuasive. I conclude that Snead is controlling precedent here, hence the McDonnell Douglas/Burdine framework also applies to the state law claims.

Although Judge Clarke assumed McDonnell Douglas/Burdine was inapplicable to the state law claims, his Report also indicates that the result would be the same in this instance even if he had applied the McDonnell Douglas/Burdine framework. Therefore, it is not necessary to remand the matter for further consideration.

### Conclusion

Magistrate Judge Clarke's Report and Recommendation (docket # 75) are adopted, with the clarification stated above. Defendant's motion (# 31) for summary judgment is denied.

IT IS SO ORDERED.

DATED this \_\_\_\_//\_\_\_\_ day of January, 2008

_/s/ Owen M. Panner_
Owen M. Panner
United States District Judge

2 - ORDER